UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| APRIL KAISER and § | |
| HARUN SAHMUDDEEN, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. |
| § | |
| MARIO ORTIZ, District Director, U.S. § | SA-09-CV-0757 XR |
| Citizenship and Immigration Services; § | |
| ERIC HOLDER, United States § | |
| Attorney General; § | |
| JANET NAPOLITANO, Secretary of the § | |
| Department of Homeland Security, § | |
| § | |
| Defendants. § | |

## ORDER REGARDING DISCOVERY MOTIONS

Several discovery related matters are before the Court: defendants' motion for protective order, plaintiffs' motion to compel discovery, and plaintiffs' motion to compel discovery through deposition testimony (Docket entry nos. 21, 22 and 23, respectively). The motions are filed in the context of a case in which plaintiffs allege that the defendants' denial of Kaiser's application for an immigrant visa for Sahmuddeen violated the Immigration and Nationality Act (INA), the Administrative Procedures Act (APA) and the due process clause of the Fifth Amendment of the U.S. Constitution.

Plaintiffs propounded discovery to defendants in the form of interrogatories and requests for production on June 23. On July 2 Plaintiffs scheduled depositions of three immigration officers, including the Acting Director, for dates of August 2 and 3. Defendants did not formally respond to the discovery. On July 26 defendants' counsel wrote a letter to plaintiffs' counsel

advising that defendants interpreted the complaint to be limited to judicial review of agency action and therefore defendants were objecting to the discovery of matters outside the administrative record.  Several phone conversations ensued and defendants filed a motion for protective order on July 30 to restrict all discovery by plaintiffs without further order of the Court.  Plaintiffs followed with motions to compel.

Plaintiffs argue in support of their motions and in opposition to the motion for protective order that because their complaint includes claims premised on Fifth Amendment due process violations, the scope of review extends beyond the administrative record and they are entitled to responses to written discovery and to examination of witnesses by deposition to discover facts to establish that defendants acted wrongfully.  Defendants argue that plaintiffs' Fifth Amendment claims are subject to dismissal, the Court should interpret the complaint as one asserting solely a challenge to final agency action under the APA, and accordingly bar any attempts by plaintiffs to discover matters outside the administrative record.

## Analysis

The pending motions involve the permissible scope of discovery.  Federal Rule of Civil Procedure 26(b) provides that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

Although defendants argue that plaintiffs' due process claim cannot succeed, they have not presented a motion to the court asking that this claim be dismissed as to either plaintiff.  Instead, defendants assert that the Court should read the Fifth Amendment claim out of the

complaint for purposes of determining the scope of discovery.  However, unless and until that claim is dismissed, it remains in the case and discovery of information relevant to that claim is permissible.

Defendants have not argued or provided any authorities to support an argument that the Court's determination of the Fifth Amendment claim is limited to review of the administrative record.  Defendants have not argued that the discovery propounded by plaintiffs seeks information which is irrelevant to the Fifth Amendment due process claim. They have not argued that responding to the discovery is burdensome or oppressive.   In short, they have provided no justification for limiting discovery or restricting the scope of discoverable information to the administrative record.  Nor have they provided authority which justified their failure to respond to the written discovery or to make the three witnesses available for the noticed depositions, other than the motion for protective order filed on July 30, more than five weeks after the interrogatories were served .

Accordingly, it is **ORDERED** that:

1. Defendants motion for protective order (Docket entry no. 21) is **DENIED**.

2. Plaintiffs' motion to compel discovery by deposition (Docket entry no. 23) is **GRANTED** as to the three witnesses previously noticed.

3. Plaintiffs' motion to compel discovery (Docket entry no. 22) is **GRANTED** such that defendants are directed to respond to the previously propounded interrogatories and requests for production on or before **September 10, 2010.**

Plaintiffs' motion to compel (docket entry 22) includes a request for attorneys fees pursuant to Federal Rule of Civil Procedure 37(a)(5).  That rule directs that the court <u>must</u> award

expenses to the movant of a successful motion to compel, unless the nondisclosure or objection was "substantially justified" or "other circumstances make an award of expenses unjust." Consistent with that rule which requires that defendant be given an opportunity to be heard, defendants may file a response to the request for expenses before **September 10** and show cause why an award under Rule 37(a) should not be made.

    It is so **ORDERED**.

    **SIGNED** on August 27, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE